STATE EXAMINER AND INSPECTOR — AUDIT OF JUVENILE BUREAU It is the duty of the Office of the State Examiner and Inspector to conduct an audit of the Juvenile Bureau of Tulsa County. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Is it the duty of the State Examiner and Inspector to conduct an audit of the books, records and accounts of the Juvenile Bureau of Tulsa County? In that regard, is it necessary to determine whether said Juvenile Bureau is an instrumentality of the county to the extent that the Office of the State Examiner and Inspector is required by law to conduct an audit of its books and fiscal affairs? Title 19 O.S. 171 [19-171] (1971), provides: "Each county of this State shall every two years have an audit made by the State Examiner and Inspector or his duly appointed deputy or deputies of all of the books, records and accounts of all the officers of each county of this State, which audit shall be general in its nature and shall include an audit of the books, records and accounts of all officers who collect or disburse moneys, fees, fines or public charges of any kind including therein a tax roll audit, a claim audit, and an audit of each of the Justices of Peace within the County. In addition to the above, such Examiner and Inspector may require an audit of the books and records of any county official or custodian of any of the funds of the county upon the death, resignation or removal from office of any such county official, covering a period from the date of the last general audit up to the date of such death, resignation or removal therefrom. "Each biennial county audit shall cover the two preceding fiscal years beginning as of July 1st immediately preceding the year in which the appropriation is made for such general audit, provided, that nothing herein shall prevent such Examiner and Inspector from causing to be made for any prior year of all the books, records and accounts of any such county official." Title 10 O.S. 1201 [10-1201] (1971), provides: "In each county having a population of one hundred thousand (100,000), or more, as shown by the last preceding Federal Decennial Census, there is created a Juvenile Bureau and a Citizens' Advisory Committee." 10 O.S. 1201 [10-1201] above became effective on January 13, 1969, and, of course, a Juvenile Bureau was created in Tulsa County by virtue of the enactment of said section. Title 10 O.S. 1207 [10-1207](d) (1971), provides: "In all counties having a Juvenile Bureau, the budget of the Juvenile Bureau for salaries and expenses of the director, counselors and other employees shall be established and funded as follows: All expenses incurred in complying with the provisions of this Act shall be a county charge. The salaries and other compensation of all employees of the Juvenile Bureau shall be fixed by the judge, within the limit of the total appropriations therefor. It is made the duty of the County Excise Board to make the necessary appropriation and levy for the payment of salaries of the director and all other employees, together with the expenses of administering said Bureau, consistent with the duty to do likewise with the budget estimates of other county officers under the Board's jurisdiction, as required by the Constitution and laws of this State." It is obvious from a plain reading of the above sections of the statutes that in those counties where a Juvenile Bureau was created by legislative enactment that said Juvenile Bureau is an instrumentality of the county requiring the Office of the State Examiner and Inspector to conduct an audit of its books and fiscal affairs. It is, therefore, the opinion of the Attorney General that your inquiry be answered in the affirmative. It is the duty of the Office of the State Examiner and Inspector to conduct an audit of the Juvenile Bureau of Tulsa County. (MICHAEL CAUTHRON) (ksg)